1   Rod M. Fliegel, Bar No. 168289
    rfliegel@littler.com
2   LITTLER MENDELSON, P.C.
    101 Second Street, Suite 1000
3   San Francisco, California  94105
    Telephone:    415.433.1940
4   Fax No.:       415.399.8490

5   John P. Nordlund, Bar No. 286153
    jnordlund@littler.com
6   Stephanie A. Kierig, Bar No. 312294
    skierig@littler.com
7   LITTLER MENDELSON, P.C.
    501 W. Broadway, Suite 900
8   San Diego, California  92101.3577
    Telephone:    619.232.0441
9   Fax No.:       619.232.4302

10  Attorneys for Defendant
    BUSINESS INFORMATION GROUP, INC.

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                       COUNTY OF SAN DIEGO

14

15  DANIEL HERNANDEZ, as an individual on        Case No.  37-2024-00030657-CU-OE-CTL
    behalf of himself and all others similarly situated,
16                                                ASSIGNED FOR ALL PURPOSES TO
                       Plaintiff,                 JUDGE BLAINE K. BOWMAN, DEPT. C-
17                                                74
            v.
18                                                **DEFENDANT BUSINESS
    COMERICA BANK, BUSINESS                       INFORMATION GROUP, INC.'S
19  INFORMATION GROUP, INC., and DOES 1          ANSWER TO PLAINTIFF'S CLASS
    through 50, inclusive,                        ACTION COMPLAINT**
20
                       Defendants.
21
                                                 Trial Date:       Not Set
22                                               Complaint Filed:  July 1, 2024

23

24

25

26

27

28

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

1

DEFENDANT BUSINESS INFORMATION GROUP, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

EXHIBIT C - Page 60

1    Defendant BUSINESS INFORMATION GROUP, INC. ("Defendant") hereby answers, on

2    behalf of itself and no other entity, the Class Action Complaint for Damages, Penalties, Restitution,

3    and Injunctive Relief ("Complaint") filed by Plaintiff DANIEL HERNANDEZ ("Plaintiff") as an

4    individual on behalf of himself and all others similarly situated ("putative class members"), as follows:

5                                **GENERAL DENIAL**

6          Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant hereby

7    answers Plaintiff's unverified Complaint by generally denying each and every allegation contained

8    therein, by denying that Plaintiff and/or the putative class members have been damaged or have

9    sustained any damages as a result of the conduct alleged therein, and by asserting the following

10   separate and distinct additional defenses.  Defendant does not concede that it bears any burden as to

11   any of the defenses raised below; to the contrary, Defendant expressly asserts that Plaintiff bears the

12   burden of proving each element of each of his claims at all times.

13         As further stated herein, Defendant also contests the Court's jurisdiction and contends that

14   Plaintiff is bound to arbitrate his claims.  To the extent that Plaintiff purports to bring his claims on a

15   class action basis, Defendant asserts, and reserves the right to assert, the defenses below to the extent

16   applicable to each individual putative class member.

17                            **AFFIRMATIVE DEFENSES**

18         Without waiving or excusing Plaintiff's burden of proof, or admitting that Defendant has any

19   burden of proof, Defendant asserts the following separate defenses:

20                          **FIRST AFFIRMATIVE DEFENSE**

21                            **(Arbitration, Jurisdiction)**

22         1.     Plaintiff's claims and/or those of the putative class members are barred, in whole or in

23   part (including, but not limited to, for lack of subject matter jurisdiction), to the extent that Plaintiff

24   and/or the putative class members are bound to arbitrate their claims based on the arbitration

25   agreements that they entered into with Defendant, Defendant's parents or affiliates, and/or

26   Defendant's customers.  For avoidance of any doubt, Defendant expressly asserts that Plaintiff is

27   bound to arbitrate his claims, expressly contests this Court's jurisdiction over this action, and reserves

28   all of its rights, including, but not limited to, its right to move to compel Plaintiff to submit his claims

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

2

DEFENDANT BUSINESS INFORMATION GROUP, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**EXHIBIT C - Page 61**

to arbitration, and to argue that Plaintiff has waived his right to proceed in court or arbitration by refusing to submit his claims to arbitration.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

2.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Good Faith, Lack of Willfulness or Negligence)

3.    Plaintiff's Complaint, and each and every cause of action contained therein, are barred, in whole or in part, because at all material times, Defendant acted reasonably, in good faith, and without malice based upon all relevant facts and circumstances known by Defendant at the time, and did not at any time willfully or negligently fail to comply with any provision of the Fair Credit Reporting Act ("FCRA") or California Investigative Consumer Reporting Agencies Act ("ICRAA").

## FOURTH AFFIRMATIVE DEFENSE

### (Constitutional and Statutory Defenses to Statutory and Punitive Damages)

4.    Plaintiff's claims and/or those of the putative class members for statutory damages and punitive damages violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of state law because: (a) the punitive damages claimed are vastly disproportionate to the statutory and/or actual damages claimed or available; (b) the award of punitive and/or statutory damages would constitute an arbitrary and capricious taking of Defendant's property, which is unjustified by any rational governmental interest; and/or (c) the award of punitive damages with wholly standardless discretion is inconsistent with due process.  By way of example, and not exclusion, Plaintiff fails to allege facts sufficient to state a claim for punitive or exemplary damages or to show that Defendant is guilty of oppression, fraud, or malice.  *See* Cal. Civ. Code § 3294.

///

///

///

///

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

3
DEFENDANT BUSINESS INFORMATION GROUP, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

EXHIBIT C - Page 62

## FIFTH AFFIRMATIVE DEFENSE

### (Proximate Causation)

5. Plaintiff's claims and/or those of the putative class members are barred, in whole or in part, because Plaintiff and/or the putative class members did not suffer any cognizable injury or other harm as a proximate result of any alleged act or omission of Defendant or its agents or employees.

## SIXTH AFFIRMATIVE DEFENSE

### (Reasonable Procedures)

6. Defendant alleges that it has maintained reasonable procedures to comply with applicable law at all times relevant to Plaintiff's Complaint and it complied with the FCRA and ICRAA in the handling of any reports concerning Plaintiff and the putative class members, and Defendant is therefore entitled to each and every defense stated in and available under the FCRA and ICRAA and to all limitations of liability.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statutory Exemption)

7. Plaintiff's claims and/or those of the putative class members are barred and/or exempted from the FCRA and ICRAA to the extent that Defendant prepared any background reports in connection with an investigation of compliance with federal, state, or local laws and regulations, any of Defendant's customers' pre-existing policies, or as explicitly required by a governmental regulatory agency. *See* 15 U.S.C. § 1681a(y); Cal. Civ. Code § 1786.18(b)(2).

## EIGHTH AFFIRMATIVE DEFENSE

### (Other Causes)

8. Assuming Plaintiff and/or any of the putative class members suffered or sustained any loss, damage, or injury, which Defendant specifically denies, such loss, damage, or injury was proximately caused or contributed to by the negligence or wrongful conduct of other parties, persons, or entities, and their negligence or wrongful conduct was an intervening and superseding cause of the purported loss, damage, or injury of which Plaintiff complains. Plaintiff's damages and/or those of the putative class members, if any, as against Defendant, must therefore be reduced by the proportion

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

of fault attributable to such third parties, and to the extent that this is necessary, Defendant may be entitled to partial indemnity from such third parties on a comparative fault basis.

## NINTH AFFIRMATIVE DEFENSE

### (Mitigation and Avoidable Consequences)

9.    All of the damages allegedly sustained by Plaintiff and/or the putative class members could have been avoided by the principles of mitigation and the doctrine of avoidable consequences and all similar and equivalent doctrines.

## TENTH AFFIRMATIVE DEFENSE

### (Reasonable Steps to Avoid Harm)

10.    Plaintiff's Complaint is barred, in whole or in part, to the extent Plaintiff and/or the putative class members failed to comply fully or at all with procedures available and/or required under the FCRA or ICRAA to address Plaintiff's concerns and/or otherwise failed to take reasonable steps to avoid harm.

## ELEVENTH AFFIRMATIVE DEFENSE

### (One Satisfaction Rule)

11.    Plaintiff's claims and/or those of the putative class members are barred, in whole or in part, to the extent that Plaintiff's or putative class members' pursuit of claims against Defendant or other third parties in other actions, the resolution of those claims, or verdicts entered in those claims, would result in more than one recovery for the same underlying injury (*i.e.*, an impermissible double recovery), violate the "one satisfaction rule," or both.

## TWELFTH AFFIRMATIVE DEFENSE

### (Not Consumer or Investigative Consumer Reports)

12.    Plaintiff's claims and/or those of the putative class members are barred, in whole or in part, because Defendant's communications of information concerning Plaintiff and/or putative class members were not "consumer reports" or "investigative consumer reports," or fell within one or more of the statutory exceptions to the definition of "consumer report" or "investigative consumer reports" under the FCRA and ICRAA.  For example, to the extent that discovery demonstrates that Plaintiff's

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

5

DEFENDANT BUSINESS INFORMATION GROUP, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

EXHIBIT C - Page 64

1  or putative class members' reports were ordered for business, rather than consumer purposes, their
2  claims would be barred.

3  **THIRTEENTH AFFIRMATIVE DEFENSE**

4  **(Bar of Injunctive Relief)**

5  13.    Plaintiff's claims for injunctive relief fail because an adequate remedy at law exists, he
6  lacks standing to seek equitable relief, his claim for injunctive relief would be moot, and because the
7  FCRA bars and preempts a claim for injunctive relief under the FCRA or state law, except by the
8  federal government.  Additionally, no such remedy is available under the ICRAA.

9  **FOURTEENTH AFFIRMATIVE DEFENSE**

10  **(Classes Not Certifiable)**

11  14.    Plaintiff's claims on behalf of the putative class members fail because Plaintiff cannot
12  meet his burden to demonstrate that each requirement of the civil rules, including, but not limited to,
13  ascertainability, adequacy, typicality, commonality, predominance, and superiority, is met here, and
14  because certifying a class in the circumstances of this case would violate Defendant's rights to due
15  process under the law.

16  **FIFTEENTH AFFIRMATIVE DEFENSE**

17  **(Bar of Statutory Damages Claims)**

18  15.    Plaintiff's claim for statutory damages is barred by his demand for actual damages.  To
19  the extent Plaintiff seeks statutory damages under the ICRAA, such a claim is barred in a class action
20  by the language of the statute itself.  *See* Cal. Civ. Code § 1786.50(a).

21  **SIXTEENTH AFFIRMATIVE DEFENSE**

22  **(Waiver and Release)**

23  16.    Plaintiff's claims and/or those of the putative class members are barred to the extent
24  discovery shows they have executed, or are otherwise subject to, waivers or releases that encompass
25  such claims, whether executed with Defendant, its parents or affiliates, or other third parties.

26  ///

27  ///

28  ///

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

6
DEFENDANT BUSINESS INFORMATION GROUP, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**EXHIBIT C - Page 65**

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Contractual Class Action Waiver)**

17.     Plaintiff's claims and/or those of the putative class members are barred to the extent discovery shows that they have executed agreements waiving their rights to bring or participate in class actions or otherwise join their claims in this litigation.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

18.     Plaintiff's claims and/or those of the putative class members are barred to the extent they are time-barred by the applicable statutes of limitations. *See* 15 U.S.C. § 1681p; Cal. Civ. Code § 1786.52.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Standing Under Business and Professions Code Section 17200)**

19.     Plaintiff's claims for unfair business practices are barred, in whole or in part, because Plaintiff lacks standing to pursue the claims alleged in the Complaint under California Business and Professions Code sections 17200 and 17204, as Plaintiff has not suffered any injury in fact or lost money because of any allegedly unlawful business practice of Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Willful Violation of Business and Professions Code Section 17200)**

20.     Plaintiff's claims and/or those of the putative class members for unfair business practices are barred, in whole or in part, because Defendant did not willfully fail to comply with any provisions of the California Civil Code or the California Business and Professions Code, instead acting in good faith and with reasonable grounds for believing that its policies and practices complied with applicable laws and regulations, and any violation thereof by Defendant was neither willful nor intentional.

///

///

///

///

DEFENDANT BUSINESS INFORMATION GROUP, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

**EXHIBIT C - Page 66**

1

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

2

**(Unfair Business Practices – Claim for Damages/Penalties)**

3          21.     Plaintiff's claim for restitution pursuant to California Business and Professions Code

4    sections 17200, *et seq.* is barred to the extent it constitutes a claim for damages or penalties of any

5    nature.

6

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

7

**(Unfair Business Practices – Adequate Remedies at Law)**

8          22.     Plaintiff's claim for equitable relief pursuant to California Business and Professions

9    Code sections 17200, *et seq.* is barred, in whole or in part, on the ground that adequate remedies at

10   law exist.

11

**RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

12          Defendant does not presently know of all facts concerning the conduct of Plaintiff and/or the

13   putative class members he seeks to represent sufficient to state all affirmative defenses at this time.

14   Defendant reserves the right to amend this Answer should it later discover facts demonstrating the

15   existence of additional affirmative defenses.

16

**PRAYER**

17          WHEREFORE, in the event this matter is not compelled to arbitration, Defendant prays for

18   relief as follows:

19          1.     That the Complaint be dismissed in its entirety with prejudice;

20          2.     That Plaintiff and/or the putative class members take nothing by this action;

21          3.     That judgment be entered in Defendant's favor and against Plaintiff;

22          4.     That Defendant be awarded its costs and attorneys' fees incurred herein; and

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

8

DEFENDANT BUSINESS INFORMATION GROUP, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**EXHIBIT C - Page 67**

5.     That Defendant be awarded such other and further relief as the Court deems just and proper further relief as the Court deems fair and just.

Dated: August 22, 2024

LITTLER MENDELSON, P.C.

_____
Rod M. Fliegel
John P. Nordlund
Stephanie A. Kierig
Attorneys for Defendant
BUSINESS INFORMATION GROUP, INC.

4893-5171-7327.1 / 062957-1045

LITTLER
MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

DEFENDANT BUSINESS INFORMATION GROUP, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

EXHIBIT C - Page 68

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME John P. Nordlund, Bar No. 286153; Stephanie A. Kierig, Bar No. 312294 | |

FIRM NAME: Littler Mendelson, P.C.

STREET ADDRESS: 501 W. Broadway, Suite 900

CITY: San Diego                    STATE: CA      ZIP CODE: 92101

TELEPHONE NO.: 619-232-0441          FAX NO.: 619-232-4302

E-MAIL ADDRESS: jnordlund@littler.com; skierig@littler.com

ATTORNEY FOR (name): Business Information Group, Inc.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS: 330 W. Broadway

CITY AND ZIP CODE: San Diego CA 92101

BRANCH NAME: Central

Plaintiff/Petitioner:     DANIEL HERNANDEZ

Defendant/Respondent:   COMERICA BANK, BUSINESS INFORMATION GROUP, INC,

**PROOF OF ELECTRONIC SERVICE**

CASE NUMBER:
37-2024-00030657-CU-OE-CTL

JUDICIAL OFFICER:
Hon Blaine K. Bowman

DEPARTMENT:
C-74

1.  I am at least 18 years old.

    a.  My residence or business address is *(specify):*

    501 West Broadway, Suite 900, San Diego, CA 92101

    b.  My electronic service address is *(specify):*

    lchristy@littler.com

2.  I electronically served the following documents *(exact titles):*

    ☒   The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.  I electronically served the documents listed in 2 as follows:

    a.  Name of person served:

        On behalf of *(name or names of parties represented, if person served is an attorney):*

    b.  Electronic service address of person served *:*

    c.  On *(date):*  August 22, 2024

        ☒   The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:  August 22, 2024

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Lori Christy                                              ► *Lori Christy*
_____                    _____
(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT C - Page 69**

POS-050(D)/EFS-050(D)

| CASE NAME:<br>Hernandez v. Comerica Bank, Business Information Group, Inc. | CASE NUMBER:<br>37-2024-00030657-CU-OE-CTL |
|---|---|

## ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (DOCUMENTS SERVED)
*(This attachment is for use with form POS-050/EFS-050.)*
**The documents that were served are as follows *(describe each document specifically):***

**DEFENDANT BUSINESS INFORMATION GROUP, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov



American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT C - Page 70**

POS-050(P)/EFS-050(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hernandez v. Comerica Bank, Business Information Group, Inc. | 37-2024-00030657-CU-OE-CTL |

# ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)
*(This attachment is for use with form POS-050/EFS-050.)*
**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| <u>Name of Person Served</u> | <u>Electronic Service Address</u> | <u>Date of Electronic Service</u> |
|---|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | | |
| Hali M. Anderson<br>Samara A. Bahu<br>GRAHAM HOLLIS APC<br>3555 Fifth Ave., Ste. 200<br>San Diego, CA 92103<br>Tel: 619-692-0800 | Attorneys for Plaintiff<br>DANIEL HERNANDEZ<br>Email:<br>handerson@grahamhollis.com<br>sbahu@grahamhollis.com | Date: <u>August 22, 2024</u> |
| Mara Curtis<br>Amanda Brown<br>REED SMITH<br>355 South Grand Ave., Ste. 2900<br>Los Angeles, CA 90071<br>Tel: 213-457-8216 | Attorneys for Defendant<br>COMERICA BANK<br>Email:<br>mcurtis@reedsmith.com<br>aebrown@reedsmith.com | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | Date: _____ |
| | | |

Page 3 of 3

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
*www.courts.ca.gov*



American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT C - Page 71**

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT C - Page 72